```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

IN RE: TERRY KEVIN HUFF et al.

21ST MORTGAGE CORPORATION,

    Appellant,

v.                                              Civil Action no. 2:18-cv-00997

TERRY KEVIN HUFF and
PATRICIA SHERRY LEA HUFF,

    Appellees.

## ORDER

Pending is an appeal of the May 20, 2018, order of the United States Bankruptcy Court for the Southern District of West Virginia, submitted August 21, 2018.

In the "Analysis" section of the bankruptcy court's order, the bankruptcy court states that it found the testimony of debtors' expert, Eddie Estep, persuasive "regarding the extensive damage to the collateral" and the "size, location, and terrain of land, along with the lack of a septic system." App. 268, 269. The bankruptcy court also noted that the "appraisal price should be adjusted for the extensive damage that was evident in the home." Id. at 269.

The bankruptcy court further stated in the Analysis section that it considered appellant's expert, Robert Keck, to have diminished credibility based on the substantial upward adjustments he made in his valuation of the mobile home. Id. at 268. Additionally, the bankruptcy court stated that it did not find persuasive the testimony of appellant's other expert, Millard Ellis, regarding the value of the land. Id. at 268-69.

In the "Conclusion" section the court referred to the "Debtors' Appraisal," which is Debtor's Exhibit A and consists of the appraisal by Mr. Estep wherein he specifies the value of the mobile home to be $16,000. Id. at 269. Mr. Keck, on the other hand, states the value of the mobile home as $44,500. App. 145, 232. The Collateral includes the mobile home and the land.

The bankruptcy court in the Conclusion states:

> Based on the evidence adduced, and for the reasons set forth herein, the Court finds the valuation provided by Debtors' Appraisal and Mr. Keck's testimony persuasive. Accordingly, the Court finds that the value of the Collateral is $28,000.

Id. at 269.

The Court of Appeals for the Fifth Circuit has stated that "[l]imited remands play a useful, but restricted, role. We grant a limited remand where we task a district court to answer a discrete question necessary for resolution of an issue before

us." M. D. by next friend Stukenberg v. Abbott, 929 F.3d 272, 283 (5th Cir. 2019). In United States v. Rocha, the Fifth Circuit, due to the "lack of clarity in the record," ordered a limited remand and directed the district court to make certain findings necessary for resolution of the issue on appeal. 164 F. App'x 481, 482 (5th Cir. 2006). The court based its decision on Federal Rule of Appellate Procedure 10(e)(2)(C), which states:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> ***
>
> (C) by the court of appeals.

The court in Rocha retained jurisdiction of the appeal during the pendency of the limited remand. 164 F. App'x at 482 (citing Wheeler v. City of Columbus, 686 F.2d 1144, 1154 (5th Cir. 1982)).

Inasmuch as Federal Rule of Bankruptcy Procedure 8009(e)(2) mirrors Federal Rule of Appellate Procedure 10(e)(2) in all meaningful respects, it is ORDERED that this matter be, and hereby is, remanded to the United States Bankruptcy Court for the Southern District of West Virginia for the sole purpose of ascertaining whether the reference to Mr. Keck in the

Conclusion, as quoted above, was intended.  This court retains jurisdiction of this proceeding during this limited remand.

The Clerk is directed to transmit this order to all counsel of record and to the United States Bankruptcy Judge and to remove this case to the inactive docket.

ENTER: August 21, 2019

John T. Copenhaver, Jr.
Senior United States District Judge